**Alexander WARD, Plaintiff–Appellant,**

**v.**

**ICICLE SEAFOODS, INC., an Alaska Corporation, in personam; Northern Victor F/V, USCG Doc. No. 248959, its gear, tackle and appurtenances, in rem, Defendants–Appellees.**

No. 07–35306.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2008.*

Filed Aug. 12, 2008.

Dennis Michael Moran, Esq., William A. Keller, Moran Windes & Wong, Seattle, WA, for Plaintiff–Appellant.

Philip W. Sanford, Esq., Holmes Weddle & Barcott, Seattle, WA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

## MEMORANDUM **

Alexander Ward, a fish processor aboard a ship owned by Icicle Seafoods, Inc. ("Icicle"), was assaulted and injured by a fellow crew member while Icicle's ship was located off the coast of Alaska. He appeals the district court's denial of attorneys fees and punitive damages, which he sought in connection with his successful motion to compel Icicle to pay maintenance and cure for the injuries he sustained during the assault. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ The district court did not abuse its discretion in concluding that Icicle's failure

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

to pay maintenance and cure was not "arbitrary, recalcitrant or unreasonable"—the legal standard we have applied to requests for attorneys fees in maintenance and cure actions. *Kopczynski v. The Jacqueline,* 742 F.2d 555, 559 (9th Cir.1984); *see also Vaughan v. Atkinson,* 369 U.S. 527, 530–31, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) (allowing attorneys fees against shipowner who willfully and persistently failed to investigate claim for maintenance and cure by a seaman). In the weeks immediately after the assault, as he was still receiving unearned wages from Icicle, Ward expressly indicated that his symptoms had "subsided" and that he did not need or wish to receive medical attention. When, nearly six months later, Ward's symptoms worsened and he sought payment of maintenance and cure, Icicle requested evidence from Ward's counsel substantiating Ward's description of the assault to his treating physician. The district court did not abuse its discretion in finding that Icicle's failure to pay maintenance and cure immediately was not "arbitrary, recalcitrant or unreasonable." *Kopczynski,* 742 F.2d at 559.

We decline Ward's invitation to create a *per se* rule whereby seamen who are forced to file suit in federal court to obtain payment of maintenance and cure are automatically entitled to recover attorneys fees. Such a holding would be irreconcilable with *Kopczynski,* 742 F.2d at 559, and Ward has pointed to no intervening higher authority "undercut[ting] the theory or reasoning underlying" that decision. *Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir.2003) (en banc).

■ We similarly are not at liberty to revisit our decision in *Glynn v. Roy Al Boat Management Corp.,* 57 F.3d 1495 (9th Cir.1995). In that case, we held that "punitive damages are not available ... where the shipowner has been willful and persistent in its failure to investigate a seaman's claim for maintenance and cure or to pay maintenance." *Id.* at 1505. As a three-judge panel, we are bound by *Glynn. See Miller,* 335 F.3d at 900. We therefore affirm the district court's denial of punitive damages.

**AFFIRMED.**